```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

MAYANK MEHTA
    Plaintiff,

                                    CIVIL ACTION

                                    FILE NO.

v.

CITIBANK, N.A.

    Defendant.
_____/

## COMPLAINT

Plaintiff, brings this action against Defendant, on the grounds and the amounts set forth herein.

### I. PRELIMINARY STATEMENT

This action arises out of the facts and circumstances surrounding phone calls and contact made by Defendant to the Plaintiff. Plaintiff, an individual consumer, institutes this action for actual and statutory damages against Defendant and the costs of this action against Defendant for violations of the Telephone Consumer Protection Act (hereinafter "TCPA")

47 U.S.C. 227 et seq. and Chapter 559.72 of the Florida Statutes.

Plaintiff is a consumer.  Plaintiff gave cease and desist instructions to Defendant, on numerous occasions, including on or about or before August 25, 2015 and Defendant continued to contact Plaintiff without regard to Plaintiff's cease and desist instructions, which Plaintiff contends to violate Chapter 559 of the Florida Statutes and that Defendant called with a frequency designed to annoy and/or harass Plaintiff.  Defendant was personally told by Plaintiff in the month of prior to August 2015 that Plaintiff disputed the debt and that he was represented by counsel and Defendant admitted that Defendant had knowledge of the cease and desist letter, and apologized for the continuing calls, but the calls continued from Defendant nonetheless.  Subsequent to said verbal directive, Plaintiff issued a second cease and desist instruction to Defendant, yet again,

Defendant continued to call Plaintiff's cell phone with an automated dialer, without consent.

In addition, Plaintiff contends that Defendant's calls to Plaintiff's cell phone were with the use of an automated telephone dialing system as defined by the TCPA and that Defendant's calls were made without Plaintiff's consent. Plaintiff cell phone end in 4661.

## II. PARTIES

1. Plaintiff is a natural person and consumer residing in Pinellas County, Florida.

2. Defendant is a foreign for profit engaged in consumer debt collections. Defendant, upon information and belief, has, at times, relied upon an agent or third party acting on behalf of the named Defendant to make the offending contact with Plaintiff. For the purpose of this action, Defendant is responsible for the actions of Defendant's agents.

3. Defendant was attempting to collect an alleged but unsubstantiated consumer debt against Plaintiff, which gives rise to this action.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. 1331. This court has supplemental jurisdiction over the state law claim.

5. Venue is this District is proper in that the Defendant transacts business here and the conduct the underlying the complaint occurred in Pinellas County, Florida, which falls under the jurisdiction of the Tampa Division of the Middle District Court.

### IV. STATUTORY STRUCTURE TCPA

6. The Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA") amended the Federal Communications Act 47 U.S.C. 151, et seq. ("FCA") to address the uses of automatic telephone dialing systems, artificial or prerecorded voice messages, SMS text messages reviewed by cell phones, and the use of fax machines to send unsolicited advertisements.

7. Under the TCPA "automatic telephone dialing system" (hereinafter "ATDS") means equipment which has the capacity-

   (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

   (B) to dial such numbers.

   See, 47 U.S.C. 227 (a)(1).

8. Under the TCPA, it is unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice message to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

9. Under the TCPA, a person or entity may, if otherwise permitted by the laws of the rules of the

court of a State, bring in an appropriate court of that State:

    (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

    (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

    (C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph. 47 U.S.C. 227(b)(3). Under Chapter 559 of the Florida Statutes, Defendant is not permitted to continue

contacting Plaintiff after Defendant has been advised that Plaintiff has legal representation.

## V. FACTUAL ALLEGATIONS

10. On or before August 2015 the Plaintiff specifically revoked any express consent the Defendant had, if any, to continue contacting Plaintiff.

11. Around, or before August 2015 as well as after August 2015 the Defendant continued to call the Plaintiff intentionally, in total disregard of Plaintiff's directive. Defendant continued contact with Plaintiff has continued through at least the latter portion of September of 2015. Defendant continued contacting Plaintiff's cell phone with an automated dialing system, including leaving electronic/automated messages, contrary to the instructions set forth on Plaintiff's cease and desist letter. Defendant also continued sending correspondence to Plaintiff in regards to the alleged debt.

## VI. TCPA VIOLATIONS

12. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the TCPA include, but are not limited to, the following:

13. The actions of the Defendant individually and collectively violated the TCPA.

14. By the Defendant calling the Plaintiff's cell phone without express consent, with an automated telephone dialing system and in direct violation of Plaintiff's instructions, thereby Defendant violated the TCPA. 47 U.S.C. 227

15. By the Defendant calling the Plaintiff's cell phone without consent and expressly against the directive that Plaintiff issued to Defendant, Defendant violated the TCPA. 47 U.S.C. 227. Defendant called his cell phone with an automated dialer over one hundred times without consent or permission, willfully ignoring Plaintiff rights under the law.

## VII. VIOLATIONS OF CHAPTER 559 OF THE FLORIDA STATUES

16. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs. Defendant's violations of the Fla. Stat. Section 559.72 include, but are not limited to the following:

17. Plaintiff issued cease and desist instructions to Defendant with regards to Defendant contacting Plaintiff regarding an allegation of consumer indebtedness on or before August 2015.

18. Defendant continued to contact Plaintiff after having received Plaintiff's cease and desist instruction, and in a repetitive and harassing manner in violation of Section 559.72(7)&(18) of the Florida Statutes.

19. Defendant was not at liberty to continue contacting Plaintiff after Plaintiff's cease and desist had been issued.

20. By virtue of Defendant continuing to contact Plaintiff as set forth above, Defendant is liable to Plaintiff for a civil penalty of up to $1,000.00 as well as attorney fees and costs under Chapter 559.77.

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

(1)   Statutory damages pursuant to TCPA 47 U.S.C. 227(b)(3);

(2)   Statutory damages pursuant to TCPA 47 U.S.C. 227(d)(3);

(3)   Fair and reasonable costs of this action, court costs;

(4)   Injunctive relief;

(5)   Plaintiff also prays for relief under Chapter 559 of the Florida Statutes, including but not limited to 559.72 and 559.77 as well as such other and further relief that the Court deems just and proper.

s/W. John Gadd
W. John Gadd
FL Bar Number 463061
Bank of America Building
2727 Ulmerton Road-Suite 250
Clearwater, FL 33762
Tel- (727) 524-6300
Email- wjg@mazgadd.com